UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DOUGLAS MAURICE ROGERS,

        Plaintiff,                     Case No. 1:07-cv-1178

v.                                      Honorable Robert J. Jonker

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because the Michigan Department of Corrections is immune.

**Discussion**

    I.       Factual allegations

Plaintiff currently is incarcerated in the Newberry Correctional Facility. His complaint concerns a major misconduct conviction that he received for fighting while he was incarcerated at the Muskegon correctional Facility in 2005. Plaintiff sues only the Michigan Department of Corrections (MDOC). Plaintiff summarizes his federal claim as follows:

> Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to enjoin defendant, Michigan Department of Corrections, from using its amended 2002 Administrative Rule, R 791.5501(1) which was enacted by defendant contrary to the exception found in MCL 24.207(K); MSA 3.560(107)(K). The defendant's amended 2002 rule is the authority for authorizing major misconduct, minor misconduct, [sic] hearing, confiscation and disposition of contraband. The application of defendant's 2002 rule denies Plaintiff the right to a fair administrative hearing in a manner that violates his right to Due Process of Law under the Fifth and Fourteenth Amendments. Plaintiff's complaint challenges only the validity and legal application of defendant's disciplinary policy directive, i.e., PD-03.03.105, including Attachments A, B and C of this Policy. Plaintiffs asks the Honorable Court to enjoin defendant, Michigan Department of Corrections, from using the Attachments A, B and C of PD-03.03.105 which authorized prison officials to write major or minor misconduct violations. Policy directive 03.03.105 and its Attachments A, B and C does not derive authority for writing major or minor misconduct violations from MCL 24.207(K); MSA 3.560(107)(K) as mandated by defendant's own Operating Procedure 01.04.110 (Policy Directive - Developing and Processing) . . . .

(Compl., at 2-3, docket #1.)

    I.       Sovereign Immunity

Regardless of the form of relief requested (i.e., whether Plaintiff seeks damages or declaratory and injunctive relief), the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978);

*O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). Accordingly, the MDOC is entitled to sovereign immunity in this case. In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Because Plaintiff sues only the MDOC, his action must be dismissed.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c) because the MDOC is immune.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     May 15, 2008              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE