UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

DOUGLAS MAURICE ROGERS,

        Plaintiff,        Case No. 1:07-cv-1178

v.        Honorable Robert J. Jonker

MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Defendant.
_____/

**ORDER DENYING MOTION**
**TO AMEND THE COMPLAINT**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On May 15, 2008, the Court issued an opinion and order (docket ##17, 18) dismissing the complaint because the only Defendant, the Michigan Department of Corrections, is both immune and not a person within the meaning of § 1983. The matter presently is before the Court on Plaintiff's motion for leave to file an amended complaint (docket #19). Plaintiff's motion necessarily seeks to vacate the Court's May 15, 2008 final judgment, and Plaintiff argues that the Court had no authority to dismiss his action without first permitting him to amend his complaint.

        Because Plaintiff did not seek to alter the judgment within 10 days as required under FED. R. CIV. P. 59(e), the Court must construe Plaintiff's attempt to reopen the case as a motion for relief from judgment under FED. R. CIV. P. 60(b). A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).  Petitioner has not attempted to demonstrate the existence of any of the grounds for relief under Rule 60(b).

Moreover, the court has no discretion in allowing amendment to avoid the dismissal of a case under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996). *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)*; McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997), *overruled on other grounds, Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007)); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002), ), *overruled on other grounds, Jones*, 127 S. Ct. at 918-19 (2007)); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003).  "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint. Section 1915A also provides for such sua sponte dismissals." *McGore*, 114 F.3d at 612.  Contrary to Plaintiff's assertions, therefore, he had no right to amend his complaint before dismissal, and it was properly dismissed. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint (docket #19) is **DENIED**.


Dated:     July 28, 2008              /s/ Robert J. Jonker
                                      Robert J. Jonker
                                      United States District Judge